# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

DAWN COTTMAN,

    Petitioner,

v.                                    Case No. 1:21-cv-00144

WARDEN, FCI Danbury,[1]

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time she filed the instant petition, Petitioner was incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson") serving an 84-month term of imprisonment, followed by a five-year term of supervised release, after her conviction in the United States District Court for the District of Maryland on 14 counts related to tax and wire fraud and identity theft. *United States v. Cottman*, No. 1:17-cr-00084-GLR (D. Md.). Her current release date is December 24, 2024.

---

[1] Since filing her petition, Petitioner has been transferred to FCI Danbury in Danbury, Connecticut. The Clerk is directed to modify the docket sheet, including the short style of the case, to reflect that the proper respondent is the Warden at FCI Danbury, and to change Petitioner's mailing address to FCI Danbury.

On March 2, 2021, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking the awarding of earned time credits pursuant to the First Step Act of 2018, 18 U.S.C. § 3632(d)(4)(A). (ECF No. 1). However, it is apparent from the face of the petition that it is premature and that Petitioner did not exhaust the required administrative remedies before filing her petition. Thus, the petition is subject to summary dismissal.

## ANALYSIS

### A.    Exhaustion of administrative remedies.

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies, absent futility thereof, before seeking habeas review under § 2241. *See, e.g., Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (requiring exhaustion in a § 2241 matter); *McClung*, 90 F. App'x at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court. *Arbaugh v. Berkebile*, No. 5:10-cv-528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-cv-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011)

(citing *Jones v. Bock*, 549 U.S. 199, 204, (2007); *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)).  Because the statute authorizing habeas corpus matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances."  *Reeder v. Phillips*, No. 1:07-cv-138, 2018 WL 243003, at *3 (N.D.W. Va. June 12, 2008). However, exhaustion should only be excused where administrative review would be futile.  *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573 (N.D.W. Va. 2007).  Thus, "as a general rule, courts will deny judicial relief until all administrative remedies have been exhausted[,] and exhaustion will not be considered futile, "[u]nless the agency is certain to rule adversely." *Reeder,* 2008 WL 2434003 at *2-3.

The BOP has a four-step Administrative Remedy Program for resolving grievances: (1) seeking informal resolution with a staff member; (2) submitting a formal grievance to the Warden on a "BP-9" form; (3) appealing the formal grievance to the Regional Director on a "BP-10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP-11" form within 30 days of the date the Regional Director signed the response to the appeal. *See* 28 C.F.R. § 542.10-542.15; *Luczak v. Coakley*, No. 5:16-cv-189, 2018 WL 4326877, at *6 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 5:16-cv-189, 2018 WL 4305810 (N.D.W. Va. Sept. 10, 2018).

Petitioner's petition asserts that exhaustion is not required and should be waived because her petition concerns a matter of statutory construction and would further be futile because "the BOP has adopted a clear and inflexible rule" concerning the awarding of earned time credit.  However, while Petitioner notes that some courts have excused

exhaustion for the alleged futility of the exhaustion process, the undersigned cannot find such circumstances here and, thus, this District Court should not exercise its discretion to excuse exhaustion on that basis. Moreover, Petitioner's argument that exhaustion is not required because her claim involves statutory construction is specious. S*ee Toussaint v. Knight*, No. 6:21-cv-00764-HMH-KFM, 2021 WL 2635887, at *3 (D.S.C. June 4, 2021), *report and recommendation adopted*, 2021 WL 2635479 (D.S.C. June 25, 2021) (rejecting futility argument grounded in statutory construction); *Vazquez v. Knight*, No. 8:21-cv-0314-RMG, 2021 WL 1625002, at *3 (D.S.C. Apr. 27, 2021) (same); *Rodgers v. Glenn*, No. 1:16-cv-0016-RMG, 2017 WL 1051011, at *3 (D.S.C. Mar. 20, 2017) (finding argument that exhaustion would be futile because ground for relief involves an issue of statutory construction is without legal merit). Similar to the court in *Gratton v. Dismas Charities, Inc.*, No. 3:20-00509, 2021 WL 4163992, at *5 (M.D. Tenn. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4149126 (M.D. Tenn. Sept. 13, 2021), "[t]he issue raised by Petitioner is not merely one of statutory interpretation" because she requests that the court determine the factually specific issue of the programming that should be approved and the amount of earned time credit she should receive, which "is exactly the type of issue that should be fleshed out at the administrative level prior to adjudication by the Court." *Id.*

Petitioner admittedly filed the instant petition without exhausting each level of the BOP administrative remedy process and she has not demonstrated any facts supporting a finding that such administrative remedy process was futile. Moreover, Petitioner cannot demonstrate any irreparable injury by requiring the exhaustion of administrative remedies, as, pending such exhaustion, she may be awarded the appropriate relief by the

4

BOP after the statutory full implementation date (as addressed below) and well before her projected release date. Therefore, dismissal of her § 2241 petition for failure to properly exhaust administrative remedies is warranted. *See Jackson v. Saad*, No. 1:18-cv-01022, 2019 WL 321411, *1 (S.D.W. Va. Jan. 24, 2019) (Faber, S.J.) ("administrative remedies are to be exhausted prior to filing suit."). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition should be dismissed because she failed to properly exhaust the available administrative remedies prior to filing her petition and has not demonstrated that such administrative remedies were futile.

### B.     Petitioner has not demonstrated a present right to habeas relief.

Even if the court were to determine that exhaustion should be waived or excused, this petition should be dismissed as premature. The First Step Act of 2018 ("FSA" or "the Act"), signed into law on December 21, 2018, includes a provision for evidence-based recidivism reduction program incentives and productive activities rewards. *See* Pub. L. 115-391, 132 Stat. 5194 (2018); *see also* 18 U.S.C. § 3632(d). Through this program, prisoners may earn various incentives and rewards, including the awarding of time credits, for their participation in and completion of certain programs and productive activities that are assigned to them by Bureau of Prisons ("BOP") staff. *See* 18 U.S.C. §§ 3632(b), (d).

As part of the FSA, 18 U.S.C. § 3632(a), and as set forth in 18 U.S.C. § 3621(h), the BOP was required to create a new risk and needs assessment system to determine the recidivism risk of each prisoner by January 15, 2020, begin implementing the system on that date, and have full implementation completed by January 15, 2022. *See Saleh v. Young*, No. 5:19-cv-00468, 2021 WL 1758711 (S.D.W. Va. May 4, 2021); *see also* 18 U.S.C.

§ 3621(h)(2) (providing a two-year phase-in period for the BOP to complete implementation of the recidivism-reduction system and programs). Thereafter, all prisoners who successfully complete evidence-based recidivism reduction programming or productive activities, dating back to the enactment of the Act on December 21, 2018, "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

Although the BOP has until January 15, 2022 to phase-in the program, Section 3621(h)(4) grants the BOP discretionary authority to preliminarily implement the incentive program. 18 U.S.C. § 3621(h)(4). However, it does not <u>mandate</u> the BOP to award such incentives during the phase-in period. Specifically, Section 3621(h)(4) provides as follows:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons **may** begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and **may** offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4) (emphasis added).

Thus, as noted by the District Court in *Saleh*, the BOP has until January 15, 2022 to provide evidence-based recidivism reduction programs and productive activities for all prisoners and, only at that time, will it be <u>required</u> to award such time credits to eligible prisoners. 2021 WL 1758711 at *1 (citing *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC,

2021 WL 392445, * 5 (E.D. Cal. Feb. 4, 2021). Therefore, the BOP's interpretation of this statutory authority is completely permissible.

The authority of the BOP to award such time credits prior to January 15, 2022 is clearly discretionary and, thus, it has no obligation to award such time credits to those who successfully complete the assigned programs and activities prior to that date. To date, the BOP has not exercised its discretion to earlier award such time credits and the greater weight of the case law addressing similar claims has upheld that discretion. (*Id.* at 7) (collecting cases). Petitioner's reliance on *Goodman v. Ortiz*, No. 20-7582, 2020 WL 50155613 (D.N.J. Aug. 25, 2020), in which a New Jersey district court granted habeas relief and ordered the BOP to award earned time credits to a prisoner whose release date pre-dated the full implementation date of the Act, largely on the basis of unfairness, is not binding on this court and is not persuasive here.

Because the authority of the BOP to award such incentive-based time credits prior to January 15, 2022 is entirely discretionary, there is no basis for this court to require the BOP to award such time credits to Petitioner and, thus, no basis for the court to grant habeas corpus relief requiring her earlier release from custody. *See Jones v. Phelps*, No. 1:21-cv-418-JFA-SVH, 2021 WL 3668885, at *8 (D.S.C. June 16, 2021), *report and recommendation adopted*, 2021 WL 3667396 (D.S.C. Aug. 17, 2021) ("The relevant statutes, as well as the heavy weight of authority, do not show that the BOP is obligated to apply Petitioner's earned time credits prior to January 15, 2022 . . . the court has no discretion to disregard the plain language of the relevant statutes."); *Knight v. Bell,* No. 20-cv-3108-JKB, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (BOP inmates seeking earned time credits under FSA cannot obtain habeas relief at this time). Accordingly, the

undersigned similarly proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated a present right to habeas corpus relief on this basis.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at her new address and to transmit a copy to counsel of record.

December 14, 2021

Dwane L. Tinsley
United States Magistrate Judge